IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:11cv432-MHT (WO) |
| DOROTHY GUY, | ) ) | |
| Defendant. | ) | |

## OPINION

Plaintiff Allstate Indemnity Company seeks a declaratory judgment against defendant Dorothy Guy that its insurance policy is void. Guy has filed a counterclaim alleging that Allstate breached the policy by refusing to pay a $ 217,019 claim related to a fire at Guy's property. This court has jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). Allstate moves for summary judgment on its

declaratory-judgment claim and Guy's counterclaim.[1] For the reasons that follow, the motion is granted.

## I.   SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

1. Guy also brought a bad-faith counterclaim. Guy has conceded that summary judgment is appropriate on her bad-faith counterclaim.  Guy Opposition Brief (Doc. No. 32) at 1.

2

## II.  BACKGROUND

This case arises from a home fire in Andalusia, Alabama.  In 2007, Guy's brother, Terry Craig, purchased two adjoining homes.  Craig subsequently gave one of the homes to his stepson, Jeff Bullard. In December 2008, Bullard sold that home to Guy for $ 122,000.  At the time, Guy resided in Pensacola, Florida. Guy claims that she purchased the property because she had a lot of family in the Andalusia area. Because of her absence, she asked Craig to take care of the property; Guy provided Craig with significant funds to pay for the home's mortgage, insurance, utilities, and other expenses.

On January 20, 2008, Guy and Allstate executed an insurance policy on the property.  The policy indicates that Guy is the home's sole adult occupant and that the residence was not regularly unoccupied during the day or evening. Allstate Policy (Doc. No. 30-6) at 1.  Guy, however, rarely stayed at the

3

property. In 2009, she visited approximately five times. And in 2010, she stayed at the home once or twice a month.[2]

On December 9, 2010, Guy, Craig, and several other family members took a vacation to Orlando, Florida. Early in the morning on December 11, 2010, the Andalusia Fire Department received a call about a fire at the property. Despite the fire company's best effots, the home was destroyed. After learning of the fire, Guy and her family continued their vacation and visited the Holy Lands Amusement Park. Guy arrived in Andalusia early in the morning on December 12, 2010. Guy promptly notified Allstate about the fire and submitted a $ 217,019 claim.

Allstate and local authorities quickly became suspicious about the fire's origins. The Chief of the Andalusia Fire Department--who had served for 26

---

2. Craig's son sometimes stayed at the home, but he did not reside there.

4

years--reported that Guy's family had experienced similar home fires five or six times while allegedly vacationing in Florida. The Fire Chief was also concerned about potential arson because Craig was an electrician by trade. A subsequent investigation revealed that: (1) the fire originated in a hallway; (2) the odor of gasoline was present; and (3) ignition resulted from an open flame.

Suspecting arson, Allstate requested, pursuant to a provision in the life-insurance policy, that Guy attend an examination under oath. During the two-hour examination, Guy became distraught and terminated the questioning. She also refused to bring requested documents. This declaratory-judgment action followed.

### III. DISCUSSION

Allstate brings a declaratory judgment seeking to void the life-insurance policy on two grounds. First, Allstate believes that the contract is void because

5

Guy lied about her residency. Second, Allstate contends that Guy's refusal to sit for an interview is a failure to perform under the contract. Because Allstate prevails on its first argument, the court will grant the declaratory judgment and declines to address the second issue.

Allstate contends that if it had known Guy did not reside at the property, it would not have issued the insurance policy under the current terms and conditions. Libby Affidavit (Doc. No. 30-18) at 2-3. Whether a home is occupied is relevant to the insurer for the simple "reason that [the owner] has less incentive to care for the [unoccupied] property." Lexington Insurance Co. v. Wolfe, 2008 WL 5262774, *3 (S.D. Ala. Dec. 16, 2008) (Steele, J.).

As such, Allstate submits that it may void the contract under § 27-14-7(a) of the 1975 Ala. Code, which provides that:

6

> "All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
>
> (1) Fraudulent;
>
> (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>
> (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."

It is undisputed that Guy lived in Pensacola and she only visited her Andalusia home sporadically

7

throughout the year. The simmering dispute between the parties concerns whether the materiality of Guy's misrepresentation is a question that can be resolved at summary judgment.

Guy believes that summary judgment is inappropriate because materiality is a jury question. To be sure, "[u]nder Alabama law, the materiality of a misrepresentation on an application for an insurance policy is generally a jury question." Nationwide Mutual Fire Insurance Co. v. Pabon, 903 So.2d 759 (Ala. 2004) (emphasis added). "However, it has been held that some misrepresentations, whether made intentionally or innocently, increase the risk of loss as a matter of law and are therefore material to the issuance of the policy." Id. One of these instances is when "it is represented that the owner occupies the premises but in fact another, unknown to the insurer, does so." Wolfe, 2008 WL 5262774, at *3. See also Camden Fire Insurance Ass'n v. Landrum, 156 So. 832,

8

834 (Ala. 1934) (holding that a "representation that the dwelling is occupied by a tenant, when in fact it is occupied by another claiming in his or her own possessory right, hostile to any possessory right claimed by the insured, is material, and affects the risk of loss by an insured").[3]

Guy denies that she ever stated she was the sole occupant of the Andalusia residence. Rather, she asserts that either the Allstate representative failed to ask this question or that her answer was incorrectly recorded. But "[a]bsent misrepresentations, fraud, or other deceit by the agent, a person able to read and write is bound by an insurance application signed by him or her, whether or not he or she reads it." Pabon, 903 So.2d at 767.

---

3. The court also notes that, "[e]ven if a misstatement is not material, the insurer may rescind if it in good faith would not have issued the policy or would have required a greater premium had the true fact been known." Wolfe, 2008 WL 5262774, at *3 (citing 1975 Ala. Code § 27-14-8(a)(3)).

9

Guy has not alleged any misrepresentation by Allstate--nor has she submitted any evidence of improper behavior. Because the insurance agreement clearly states--in numerous places--that she is the sole occupant and that the property is not regularly unoccupied during the day or night, Guy is bound by her signature.

As such, the court holds as a matter of law that Guy's misrepresentation is material and that the insurance policy is void.[4]

                 \*   \*   \*

An appropriate summary judgment in favor of Allstate and against Guy will be entered.

DONE, this the 5th day of July, 2012.

                                /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**

---

[4]. Given the ruling on Allstate's declaratory-judgment claim, summary judgment is due to be granted in Allstate's favor on Guy's breach-of-contract counterclaim.